5385 KKR OO136

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    18 CV 519 |
| | ) | |
| CITY OF CHICAGO, a Municipal Corporation, CHICAGO POLICE OFFICER COCHRAN, J.F. # 14246; OFFICER BURG, K.A. # 14083; | ) ) ) ) | Honorable Judge Rebecca R. Pallmeyer Magistrate Judge Maria Valdez |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES the Plaintiff, DARRYL SMITH (hereinafter "PLAINTIFF"), by and through his court-appointed counsel, Kingshuk Roy of Purcell & Wardrope, Chtd., and for his Amended Complaint against Defendants, CITY OF CHICAGO, a Municipal Corporation; OFFICER COCHRAN, J.F. # 14246 and OFFICER BURG, K.A. # 14083 (hereinafter "**DEFENDANTS**"), states as follows:

**JURISDICTION AND VENUE**

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this judicial district.

## PARTIES

4. At all times relevant hereto, PLAINTIFF was a citizen of the United States and a resident of the City of Chicago, Illinois.

5. At all times relevant hereto, OFFICER COCHRAN, J.F. # 14246 and OFFICER BURG, K.A. # 14083 **(Collectively "DEFENDANTS")** were employed by the Chicago Police Department as sworn police officers. At all times relevant hereto, Defendants were acting under color of law and within the scope of their employment with Defendant CITY OF CHICAGO.

6. **Defendant CITY OF CHICAGO** is a municipal corporation, duly incorporated under the laws of the State of Illinois, and was at all times relevant hereto, the employer and principal of **DEFENDANTS**.

7. At all times relevant hereto, **DEFENDANTS** were acting under color of law because they were acting as an arm of the State of Illinois by virtue of the police power and because by arresting and restraining PLAINTIFF they did in fact exercise police powers.

## FACTUAL ALLEGATIONS

8. On or about March 29, 2016, PLAINTIFF was operating a 2008 Volkswagen-Jetta in the vicinity of 7500 S. South Shore Drive in Chicago, Illinois.

9. As PLAINTIFF was operating his vehicle, OFFICER COCHRAN, J.F # 14246 and OFFICER BURG, K.A. # 14083 curbed PLAINTIFF'S vehicle at the address of 7632 S. South Shore Drive in Chicago Illinois.

10. OFFICER COCHRAN, J.F # 14246 and OFFICER BURG, K.A. # 14083 placed PLAINTIFF in custody for allegedly driving on a suspended license.

11. While at the location of 7632 S. South Shore Drive in Chicago, Illinois, one or more **DEFENDANTS** located on PLAINTIFF'S persons what they alleged was an illicit substance.

12. At the station, while PLAINTIFF was in handcuffs, one or more **DEFENDANTS** told PLAINTIFF to raise his foot in the air so that the one or more **DEFENDANTS** could remove PLAINTIFF'S shoelaces.

13. In the course or attempting to raise his leg, PLAINTIFF made accidental contact with one or more **DEFENDANTS**, resulting in one or more **DEFENDANTS** subduing him with a choke hold and one or more **DEFENDANTS** using excessive force in restraining him.

14. As a result, PLAINTIFF began experiencing shortness of breath and chest pains.

15. After some time transpired while PLAINTIFF was in medical distress, PLAINTIFF was transported by ambulance to Trinity Hospital.

16. PLAINTIFF underwent heart surgery as a result of the occurrence.

17. PLAINTIFF underwent extensive medical treatment and suffered physical and emotional distress and permanent disability as a result of the occurrence.

### Count I—42 U.S.C. § 1983 False Arrest

18. PLAINTIFF re-alleges paragraphs 1 through 17 as if fully repleaded herein.

19. On or about March 29, 2016, PLAINTIFF was seized and arrested without a warrant and without probable cause by **DEFENDANTS**. This seizure and arrest were in violation of PLAINTIFF's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

20. **DEFENDANTS** falsely arrested plaintiff under color of state law and within the course of their employment.

21. The acts committed by **DEFENDANTS** were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of PLAINTIFF's constitutional rights.

### Count II—42 U.S.C. § 1983—Excessive Force

22. PLAINTIFF re-alleges paragraphs 1 through 17 as if fully repleaded herein.

23. On or about March 29, 2016, **DEFENDANTS** subjected PLAINTIFF to excessive force, namely, by violently restraining him, placing him in a choke hold and choking him.

24. This excessive force was objectively unreasonable and was undertaken intentionally, or with reckless indifference to PLAINTIFF's constitutional rights.

25. As a direct and proximate result of the unjustified and excessive use of force, PLAINTIFF suffered severe injuries, including but not limited to severe pain and suffering and severe emotional distress and permanent disability.

### Count III—42 U.S.C. § 1983—Failure to Intervene

26. PLAINTIFF re-alleges paragraphs 1 through 17 as if fully repleaded herein.

27. During the incident described above, one or more **DEFENDANTS** stood by without intervening to prevent the injury to PLAINTIFF. Although **DEFENDANTS** had a reasonable opportunity to prevent this harm, they failed to do so.

28. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with willful indifference to PLAINTIFF's constitutional rights.

29. As a direct and proximate result of this failure to intervene, PLAINTIFF suffered pain and injury, severe emotional distress, and permanent disability.

### Count IV—42 U.S.C. § 1983—Failure to Provide Medical Care

30. Plaintiff re-alleges paragraphs 1 through 17 as if fully repleaded herein.

31. Immediately after the occurrence **DEFENDANTS** failed to render medical care to PLAINTIFF, including but not limited to failing to perform cardiopulmonary resuscitation, and by failing to timely call for an ambulance.

32. PLAINTIFF had a serious medical need of which **DEFENDANTS** were aware.

33. **DEFENDANTS** failure to provide medical care was unreasonable under the circumstances.

34. As a direct and proximate result of **DEFENDANTS** failure to provide medical care to PLAINTIFF, PLAINTIFF suffered significant pain, injuries, and permanent disability.

### Count V—Intentional Infliction of Emotional Distress

35. PLAINTIFF re-alleges paragraphs 1 through 17 as if fully repleaded herein.

36. By falsely arresting PLAINTIFF and using excessive force against him, **DEFENDANTS'** conduct was extreme and outrageous.

37. **DEFENDANTS** intended to cause PLAINTIFF to suffer severe emotional distress, or they acted with reckless disregard of the probability that their conduct would cause PLAINTIFF to suffer severe emotional.

38. As a direct and proximate result of **DEFENDANTS**' extreme and outrageous conduct, PLAINTIFF suffered severe injuries, including but not limited to severe pain and suffering and severe emotional distress and permanent disability.

### Count VI—Battery

39. Plaintiff re-alleges paragraphs 1 through 17 as if fully repleaded herein.

40. **DEFENDANTS** intended to cause harmful or offensive bodily contact to PLAINTIFF without a privilege to do so.

41. By seizing, detaining, and using unreasonable force against PLAINTIFF, **DEFENDANTS** did in fact cause bodily harm to PLAINTIFF.

42. As a direct and proximate result of the **DEFENDANTS** harmful and offensive bodily contact with PLAINTIFF, he suffered physical pain, severe emotional distress and permanent disability.

**WHEREFORE,** PLAINTIFF demands judgment against the Defendants for compensatory damages, punitive damages, costs, and any such other and additional relief as this Court deems equitable and just.

### Jury Demand

Plaintiff demands a trial by jury on all counts in this Amended Complaint.

Respectfully submitted,

PURCELL & WARDROPE, CHTD.

/s/ Emma C. Nowack
Emma C. Nowacki
Kingshuk Roy
Counsel for Plaintiff

Emma C. Nowacki
Kingshuk K. Roy
PURCELL & WARDROPE, CHTD.
10 S. LaSalle Street, Suite 1200
Chicago, Illinois 60603
Phone: (312) 427-3900
Email: ECN@pw-law.com
Email: kkr@pw-law.com
ARDC: 6300437